### DIEHL v INTERSTATE LOAN CO

Ohio Appeals, 5th Dist, Licking Co

No 1865. Decided Sept 9, 1937

Walter Dunwoody, Newark, for appellant.
Edward Kibler, Newark, and Brandt S. Hervey, Newark, for appellee.

## OPINION

By LEMERT, J.

This cause originated in the Court of Common Pleas of Licking County, Ohio, upon the petition filed by the appellant, to which a demurrer of the appellee was sustained, and a final judgment rendered for defendant-appellee.

The plaintiff below in his petition asked the court to grant a mandatory injunction requesting the defendant to withdraw from The Florence-Wehrle Company a wage assignment which the defendant placed with said company against the plaintiff, and The Florence-Wehrle Company now has in its possession part of the earnings belonging to plaintiff.

By filing said demurrer the defendant admits that the plaintiff signed a wage assignment dated June 10, 1929, with a loan company, and that The Interstate Loan Company is now the owner of this wage assignment. The defendant further admits by its demurrer that the plaintiff at the time of signing the wage assignment, viz: June 10, 1929, was employed by The American Bottle Company, and at the present time is employed by The Florence-Wehrle Company, being two separate and independent concerns, and that the wage assignment was placed in the hands of The Florence-Wehrle Company recently.

The statute under which this wage assignment was taken is found in §6346-7 GC.

It should be noted at the outset that this assignment is dated June 10, 1929, and that the statute at that time provided that an assignment should be valid to the extent of fifty per cent of the wages due. There is no allegation in the petition that the debt has been paid. There is no claim that the assignment is not proper in form, or that it does not comply with the statute.

Admitting, for the purposes of the demurrer, all the facts pleaded in the petition, the petition does not state a cause of action, for the reason that it does not comply with the statute just cited.

The only difficulty that has troubled the courts heretofore on this subject has arisen over the question of whether an assignment of a future possibility or expectancy is valid. It would seem, in view of the court's opinion in the case of Hite v Hite, 120 Oh St, page 253, that this question is now settled. The court there held that such assignment having become absolute and definable a court of equity will entertain jurisdiction of a suit to enforce performance of the contract and will decree performance in the absence of fraud, etc. Thus the court has definitely held that a court of equity will enforce a contract assigning a future possibility or expectancy. It may be fairly argued that, because of the language of the statute, the statute makes an assignment of future wages valid, even as to a non-existing employment, which was perhaps not valid because of the decision of the Supreme Court of Ohio in the case of Rodijkeit v Andrews, 74 Oh St 104.

The plaintiff in this case seems to rely entirely upon the case of Dayton Rubber Co. v Shroyer, 28 O.N.P. (N.S.) 47. That case was decided by the Common Pleas Court of Montgomery County in 1930 and has not been cited by any other court. The facts in that case are entirely different from the facts in the case at bar. There the assignor was a farmer at the time he made the assignment and, therefore, had no wages and no present employment upon which the assignment could operate. More than two years later he became an employee of a rubber company. In the case at bar the plaintiff was employed at the time the assignment was made and, therefore there was a present subject matter upon which the assignment could operate and a lender had some definite security upon which to rely. The fact that the plaintiff has since changed his employer is not important, he is still engaged in the same type of employment to-wit: laboring, that he was at the time of the assignment. The nature of the employment is still the same. It was to the change in the nature of the employment to which the court took exception in the Dayton Rubber Company case.

Sec 6346-7, GC, provides in part: "Any assignment of wages * * * shall bind the wages" * * * "earned or to be earned" * * * "by the assignor until the loan secured by such assignment and interest thereon is fully paid." The assignment

which this plaintiff signed provides "Do hereby assign, transfer and set over to assignee twenty-five per cent of any salary, wages and earnings which may be or become due to me, or either of us, under my present or future contract of employment from any person, firm or corporation." Nowhere in the statute as it now exists is there any such distinction as is attempted to be drawn by plaintiff. The Dayton Rubber Company case is not in accordance with the law or statutes of this state as they now exist. There is no allegation in the petition that the debt has been paid. The defendant has loaned money relying upon the statutes and the contract of plaintiff. To now maintain that a debtor may avoid his contract without paying his debts merely by changing employers is an impairment of the obligations of a contract.

It was formerly held, under the common-law rule that a mere expectancy or possibility is not assignable, and, applying this rule, wages to be earned in the future not under an existing engagement, but under engagements subsequently to be made, could not be assigned, but that, if there was an existing contract of employment under which it might reasonably be expected that the wages assigned would be earned, then the possibility was coupled with an interest, and the wages could be assigned. But it is now provided by statute, §§6346-1 to 6346-12, GC, known as the Loan Law, that fifty per cent of the wages, salary, or earnings of any person, whether earned or to be earned in the future, may be assigned. The statute thus changes the former common-law rule in two principal respects, viz: 1. The amount of wages earned, or to be earned under an existing contract, that may be assigned, which was formerly unlimited, is now limited to fifty per cent. 2. Future earnings, where no contract of employment exists at the time of the assignment, formerly held to be nonassignable, may now be assigned to the extent of fifty per cent. Prior to this statute it was held that the assignee of a part of the wages of another could not sue therefor in an action at law, unless the assignment was with the consent of the debtor, but under the statute an assignment of fifty per cent of the wages of an employee is valid and binding upon the employer, regardless of his consent thereto or acceptance thereof, and the assignee may maintain an action at law thereon in his own name against the employer.

The term "assignment" as used in this section shall include every instrument purporting to transfer an interest in or any authority to collect wages, salary or earnings of such person. Any assignment of wages, salary or earnings, made in accordance with the provisions of this section shall bind the wages, salary or earnings earned or to be earned by the assignor until the loan secured by such assignment and interest thereon is fully paid, but no assignment or conveyance of wages, salary or earnings to be earned in the future given to secure a loan shall be binding for a sum in excess of fifty per cent of the amount due or to become due the person making such assignment.

So, entertaining the views herein expressed, we are of the opinion that the court below correctly ruled upon the demurrer and that the demurrer was properly sustained. It therefore follows that the finding and judgment of the court below will be, and the same is, affirmed.

Exceptions may be noted.

MONTGOMERY and SHERICK, JJ.